# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER I. SHAH,<br><br>            Plaintiff,<br><br>v.<br><br>CAESARS ENTERTAINMENT CORP., et al.,<br><br>            Defendants. | Civil Action No. 18-14108 (FLW)(ZNQ)<br><br>MEMORANDUM OPINION |

## I.    BACKGROUND

This matter comes before the Court upon Plaintiff Peter I. Shah's ("Plaintiff") letter request to amend his Complaint and add 888 Holdings, PLC ("888 Holdings") as a defendant in this matter. (ECF No. 31.) Plaintiff initially filed his Letter Motion to Amend to add 888 Holdings on August 6, 2019 (the "Motion") (ECF No. 24), but withdrew the Motion in a subsequent letter on August 22, 2019 (ECF No. 30). During the telephonic status conference on August 26, 2019, Plaintiff indicated that he wished to revive the Motion. He filed his letter request that the Court grant him leave to amend on August 28, 2019, stating his withdrawal was "out of . . . frustration[.]" (ECF No. 31.) Defendants Caesars Entertainment Corporation ("Caesars") and Caesars Interactive Entertainment, LLC (collectively, "Defendants") opposed, and Plaintiff replied. (ECF Nos. 33, 36.) For the reasons detailed within this Memorandum Opinion, Plaintiff's revived Motion is granted. (ECF Nos. 24, 31.) The Court cautions Plaintiff that he will be required to adhere to a strict case management schedule concerning discovery relating to 888 Holdings.

This is a diversity action in which Plaintiff alleges that Defendants engaged in a scheme to defraud online poker players by inserting fake players into the game and by unfairly manipulating

the card draws. (Pl.'s Compl., ECF No. 1.) Plaintiff claims that he devoted thousands of hours to playing poker on Defendants' "World Series of Poker" website, www.wsop.com, over a period of three years and that he has lost approximately $1,500.00 while doing so. (*Id.*) Plaintiff also seeks to recover punitive damages. (*Id.*)

## II. PARTIES' ARGUMENTS

Plaintiff, in his initial Motion, seeks to add 888 Holdings because Caesars "indicated that their software program and algorithms on the [World Series of Poker] website is created, produced, and maintained by [888 Holdings]." (Mot. ¶ 1, ECF No. 24.) Plaintiff argues that for him to be able to prove his claims of fraud and manipulation against Defendants, he "need[s] to serve more subpoenas or depositions to [888 Holdings] employees, who actually understand the platform and the programming." (*Id.* ¶ 5.) Plaintiff also contends that 888 Holdings is a necessary party.[1] (*See id.*)

Defendants respond that Plaintiff's Motion should be evaluated under the standard for motions for reconsideration, pursuant to Local Civil Rule 7.1(i). (Defs.' Opp'n Br. 3-4, ECF No. 33.) Defendants contend that amendment of Plaintiff's Complaint under Federal Rule of Civil Procedure 15 would be futile because it fails to comply with proper procedure, stating "[n]ot only is Plaintiff's [M]otion to add [888 Holdings] procedurally deficient and untimely, it is wholly substantively deficient as well." (*Id.* at 4.) Defendants assert that to permit Plaintiff to amend at this stage would cause them "undue prejudice." (*Id.*) They also argue that Plaintiff has failed to state a legal basis for his amendment, stating "[t]here are no substantive allegations of wrongdoing against [888 Holdings] nor are there any allegations of damages that Plaintiff has suffered as a result of 888's conduct." (*Id.* at 6-7.)

---

[1] Because the Court is persuaded that Plaintiff is entitled to amend his Complaint on other grounds, the Court does not reach the issue of whether 888 Holdings is a necessary party.

2

Plaintiff replies that Defendants have denied him required discovery pertaining to 888 Holdings, and that when he has not faced outright denial, he has faced delays. (Pl.'s Reply Br. ¶¶ 1-12, ECF No. 36.) Plaintiff states that Defendants did not notify him of their letter request for an extension of discovery deadlines filed August 21, 2019. (Defs.' Request for Modification of the Pretrial Scheduling Order, ECF No. 28.) He cites his frustration at the Court's subsequent Order granting Defendant's request as the cause that precipitated the withdrawal of his initial Motion. (Pl.'s Request to Withdraw, ECF No. 30.) Plaintiff claims that his "frustrated withdrawal was not meant to be filed as [Plaintiff] had already informed the Court before filing of [his] intention to continue with [his M]otion to join 888 Holdings []." (*Id.* ¶ 22.) Plaintiff claims it will be a "total injustice" to him and that he will "suffer irreparable harm" if he is not permitted to refile his Motion. (*Id.* ¶¶ 23-25.) Substantively, Plaintiff argues that "[888 Holdings] [owns], operates and serves [Caesars'] casino sites." (*Id.* ¶ 42.) He states that he has no interest in delay or ulterior motive. (*Id.* at 10.)

Plaintiff also filed an untimely Proposed Amended Complaint three days after the filing deadline for his Reply had passed. (Proposed Am. Compl., ECF No. 37.) His amendment asserts nearly identical claims against 888 Holdings as the original Complaint asserts against Defendants. (*Id.*; Pl.'s Compl., ECF No. 1.)

### III. LEGAL STANDARD

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). The Third Circuit contemplates the additional role required by the Court in considering a *pro se* plaintiff's submissions, stating that "when presented with a *pro se* litigant, we 'have a special

3

obligation to construe his complaint liberally.'" *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims [he] may be making." *Id.* at 340. "This task is particularly difficult because the submission may be rambling and illogical, if not completely illegible." *Id.* (citation omitted). Though "a trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 697-68 (3d Cir. 2013) (quoting *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000)), "we tend to be flexible when applying procedural rules to *pro se* litigants, especially when interpreting their pleadings." *Id.* (citing *Higgs*, 655 F.3d at 339). "This means that we are willing to apply the relevant legal principle even when the complaint has failed to name it." *Id.* (citing *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003)). The Court is under no obligation, however, to relax procedural rules entirely. *McNeil v. United States*, 508 U.S. 106, 113 (1980) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

"[A] party may amend its pleading only with the opposing party's consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*; *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (citation omitted) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading."). "This standard encompasses a broad range of equitable factors, including a party's delay in seeking leave to amend and any prejudice to the opposing party. *Arthur*, 434 F.3d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Leave to amend must generally be granted unless equitable considerations

4

render it otherwise unjust." *Id.* at 204 (citing *Foman*, 371 U.S. at 182). The Supreme Court has stated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given[.]"

*Foman*, 371 U.S. at 182. "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). "Delay alone is not sufficient to justify denial of leave to amend." *Arthur*, 434 F.3d at 204 (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). New Jersey's Local Civil Rules impose additional procedural requirements, that "[u]pon filing of a motion for leave to file an amended complaint or answer . . . the moving party shall attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled." L. Civ. R. 7.1(f).

## IV. <u>ANALYSIS</u>

First, motions for reconsideration are triggered by a final judgment or order on a motion. *See* Local Civil Rule 7.1(i) ("Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."). Because Plaintiff's Motion was filed, withdrawn, and refiled, it was never considered. The Court's first opportunity to render a judgment on the Motion is at this time, and therefore the instant Motion does not concern the rule governing motions for reconsideration.

In light of the legal standard that instructs the Court to construe the pleadings of *pro se* plaintiffs liberally, and the separate standard that the Court should liberally grant leave to amend imposed by Federal Rule of Civil Procedure 15, the Court will permit Plaintiff to amend his Complaint. *See Higgs*, 655 F.3d at 339; *Arthur*, 434 F.3d at 202. Here, Plaintiff's delay is not enough to support denial of leave to amend: Plaintiff learned of 888 Holdings' involvement through Caesars' responses to interrogatories dated May 22, 2019, and Plaintiff first moved to amend less than three months later on August 6, 2019. (*See* Pl.'s Mot. to Compel Ex. A, ¶ 6, ECF No. 16-1; Pl.'s Mot., ECF No. 24); *see also Arthur*, 434 F.3d at 204 (citing *Adams*, 739 F.2d at 868); *see also Richardson v. Allied Interstate, Inc.*, No. 09-2265(FLW), 2010 WL 3404978, at *5 (D.N.J. Aug. 26, 2010) ("Contrary to Defendant's suggestion, Plaintiff's seven-month delay in moving to amend without significant justification does not constitute 'undue delay.'"). When Plaintiff filed his renewed Motion, fact discovery had not yet concluded. (*See* Revised Scheduling Order, ECF No. 29.) The additional cost that must be expended by Defendants in defending this action does not constitute prejudice. *Id.* at *6 (To establish prejudice "the party opposing the motion must show 'that the delay impaired its ability to defend against the suit or that it 'was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendment[] been timely.'") (quoting *Arthur*, 434 F.3d at 206 (quoting in turn *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989))). Finally, though Plaintiff initially filed a Motion that was procedurally deficient under Local Civil Rule 15.1, he cured this deficiency by filing his Proposed Amended Complaint on October 1, 2019, and vitiated Defendants' major substantive argument in support of denying Plaintiff's Motion. (Proposed Am. Compl., ECF No. 37-1.)

Plaintiff is cautioned, however, that his status as a *pro se* plaintiff does not excuse him from complying with the Federal Rules of Civil Procedure or Local Civil Rules. Nor will Plaintiff be permitted to use the Court to vent his frustration. Plaintiff will be required to adhere to the case management schedule set by the Court, and he will be required to conduct discovery in a timely and efficient manner.

## V. CONCLUSION

For the foregoing reasons, and for good cause shown, Plaintiff's Motion to add 888 Holdings as a defendant is granted. (ECF No. 31.) The Court will also extend fact discovery an additional ninety (90) days from the date of the entry of this Memorandum Opinion and the following Order to permit Plaintiff time to depose 888 Holdings employee Mr. Yaniv Sherman, who has already been served with a deposition notice, and to conduct further fact discovery regarding 888 Holdings. (*See* Ex. B, ECF No. 24.) The deadline to submit dispositive motions will be extended to forty-five (45) days after the completion of fact discovery. (*Cf.* Revised Scheduling Order, ECF No. 29.) An appropriate Order follows.

ZAHID N. QURAISHI
United States Magistrate Judge

**Dated:** October 28, 2019